UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

MILOS ENTERPRISES, INC.
d/b/a MCDONALDS,

    Defendant.

## COMPLAINT

Plaintiff Alexander Johnson ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues Milos Enterprises, Inc. ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §§760.08, 413.08 and 509.092 and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303 and supplemental jurisdiction over the related state law claim

1

pursuant to 28 U.S.C. §1367. The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida. Defendant is authorized to conduct business within the State of Florida as a Florida for-profit corporation.

4. Defendant maintains a physical presence within this district by virtue of operating a McDonald restaurant franchise within this district which is open to the public.

5. The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

6. Plaintiff Alexander Johnson was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statues §§ 760.02(6), 413.08, and 509.092.

7. Defendant Milos Enterprises, Inc. is a Florida corporation which is doing business as a McDonalds franchisee operator. Defendant is authorized to conduct, and is conducting, business within the State of Florida.

8. At all times material hereto, the Defendant was (and is) an entity owning and operating a fast food restaurant under the McDonalds franchise (and brand) which is open to the public. The Defendant is defined as a "Public Accommodation" because it is an entity which owns, operates, leases (or lease to) a "Place of Public Accommodation," 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

9. Defendant's McDonalds fast food restaurant is defined as a "Place of Public Accommodation," because it is "a restaurant, bar, or other establishment serving food or drink," and as such is subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. § 36.104(2) and the Florida Civil Rights Act, codified as Title XLIV.

10. Defendant's fast food restaurant contains services and accommodations available to the public which subject them to Chapter 760 of the Florida Statutes, and specifically to Florida Statues §§ 760.01(2), and 760.02(11)(b).

11. Plaintiff has required the use and accompaniment of a service animal as defined by 28 C.F.R. §36.104 and Florida Statue §413.08(1)(d).

12. Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in aspects of his hearing disability. Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect.

13. Plaintiff has been accompanied by a service animal for many years. Plaintiff's service animal assists him in public environments (including travel and places

of public accommodations); his service animal stays by his side to alert, assist, and protect him from harm. Plaintiff's service animal is a dog named "Snoopy", and is hereinafter referred to as "Snoopy".

14. On March 17, 2018 the Plaintiff was accompanied by Snoopy and his companion in Downtown Miami while attending a convention. At lunchtime, the trio personally visited the Defendant's McDonalds Restaurant located at 7995 West Flagler Street, Miami, Florida 33144 (hereinafter "McDonalds," "fast food restaurant," or "place of public accommodation") to purchase a meal and sit down to eat in the dining area therein. The Plaintiff's visit was prior to instituting the instant action.

15. At the time Plaintiff visited Defendant's McDonalds, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered therein.

16. The Plaintiff ordered and paid for his food, and while waiting for his food, one of Defendant's representatives (ostensibly, the manager) approached the Plaintiff, and stated that they do not allow dogs in the fast food restaurant.

17. Plaintiff informed the Defendant's Representative that he was disabled and had a hearing disability and that Snoopy was his service animal.

18. Defendant's representative stated that regardless of Plaintiff's animal being a service animal, he was not permitted to have an animal (even a service animal) in the restaurant. Defendant's representative refused to permit the Plaintiff to eat his meal in the indoor dining area; instead the Plaintiff would have to leave once he received his food to go because they do not allow any dogs, including service dogs, inside the establishment.

19. As the Plaintiff was planning on eating his meal inside the dining area with his service animal and his companion, he returned to the counter and canceled his order,

4

received a refund for the food he had purchased, and then left the McDonalds embarrassed and humiliated.

20. Plaintiff, his service animal and his companion traveled several miles away to eat at a different McDonalds Restaurant.

21. The conduct of Defendant's representative was unreasonable and discriminatory, and as a result thereto, the Plaintiff was discriminated against and effectively denied entry.

22. On information and belief, Defendant is well aware of the need to provide equal access to individuals with disabilities and their service animals. The Defendant owns many McDonalds franchise restaurants in the United States. Therefore, the Defendant's failure to reasonably accommodate individuals with disabilities and their service animals is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302(c).

23. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facility at the Defendant's place of public accommodation, which is the subject of this lawsuit. See, Exhibit "A" for verification of Plaintiff's visit to the Defendant's McDonalds.

24. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

25. The Plaintiff is and has been a customer of McDonald's restaurants. Plaintiff often dines at McDonalds fast food restaurants and has definite plans to return to the downtown Miami area in the coming year for business meetings and to attend other convention events at the nearby Doubletree hotel, so he continues to desire to return to Defendant's McDonalds fast food restaurant to purchase food and eat in the dining area,

but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated due to the fact he is accompanied by his service animal, in violation of his civil rights, the ADA, and state statutes.

26.     Plaintiff has retained the civil rights law firm of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

### **COUNT I – SERVICE ANIMAL ACCESS - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

27.     Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-26 herein above.

28.     The Fifth Circuit has identified the following guidelines in the ADA's legislative history:

> A public accommodation which does not allow dogs must modify that rule for a blind person with a seeing-eye dog, a deaf person with a hearing-ear dog, or a person with some other disability who uses a service dog. Refusal to admit a dog in these circumstances is tantamount to refusing to admit the person who is in need of the dog. Moreover, a public accommodation may not require the person with a disability to be separated from the service, guide, or seeing-eye dog once inside the facility, *Johnson v. Gambrinus Company/Spoetzl Brewery,* 116 F.3d 1052, 1061n.6 (5th Cir. 1997) (quoting H.R. Rep. No. 485(II) (1990) reprinted in 1990 U.S.C.A.N. 303, 309).

29.     Refusal of the Defendant to provide entry to the Plaintiff when he was accompanied by his service animal into its place of public accommodation (McDonalds fast food restaurant), as defined by 42 U.S.C. §12181(2) and §12181(7)(B) is tantamount to refusing to admit the hearing-impaired Plaintiff.

30.     Plaintiff's hearing impairment limits major life activities including his ability to hear.  Therefore, Plaintiff is an individual with a disability under Title III of the

"ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, et. seq.

31. Public accommodations such as Defendant are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(2), §12181(7)(B); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

    a)    Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any private entity who owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),

    b)    Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12188(a); 28 C.F.R. §36.302 (a),(c), and

    c)    Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12182(a), §12182(b)(2)(A)(iii); 28 C.F.R. §36.303(a).

32. By Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff and his service animal into its place of public accommodation (the McDonalds fast food restaurant), Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when Defendant:

    a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 C.F.R. §36.302(c); specifically policies that provide equal access to individuals with disabilities including their service animals,

    b) Excluded Plaintiff from its place of public accommodation and denied Plaintiff the opportunity from fully and equally enjoying the goods, services, privileges, advantages and accommodations of that place of public accommodation due to the fact that he was accompanied by his service animal which was assisting him with his disability, in violation of 28 C.F.R. §§36.301, 36.302(c),

    c) Harassed Plaintiff regarding Plaintiff's desire to eat inside the restaurant and insisted on Plaintiff ordering a 'to go' meal, in violation of 28 C.F.R. §36.302(c), and

    d) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §12181(2), §12181(7)(B), §12182(a); 28 C.F.R. §36.303(a).

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to require employees and owner of the

place of public accommodation to assure that the McDonalds fast food restaurant is accessible to, and useable by, individuals with disabilities including their service animals.

34.     The Court is vested with the authority to require the place of public accommodation, which serves the public generally, to allow service animals to accompany people with disability(ies) in all areas of the facility wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant Milos Enterprises, Inc., including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the Defendant's services. This includes entry of a permanent injunction ordering the Defendant Milos Enterprises, Inc.:

a)     To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b)     To promulgate and comply with policies and procedures to ensure that Defendant and its representatives do not discriminate against individuals who are disabled and use service animals;

c)     To provide signage both inside and at the front door of the Defendant's McDonalds fast food restaurant stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance of all Defendants representatives and to ensure that individuals who are disabled and

who use service animals are well informed of the Defendant's compliance with federal laws;

d) Award reasonable costs and attorneys fees; and

e) Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTES §§760, 509.092, and 413.08

35. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-26 above.

36. Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

37. Defendant has violated Florida Statute §509.092, which states that a public food service establishment may not refuse accommodation or service to any person based upon physical disability.

38. Defendant has violated Florida Statute §413.08, which states that an individual with a disability who utilizes a service animal is entitled to equal treatment in places of public accommodation. The Plaintiff is an individual with a disability ("hard of hearing") as defined at F.S. §413.08(1)(b)(1). Plaintiff's service animal, Snoopy, is a service animal as defined at F.S. §413.08(1)(d). Defendant's fast food restaurant is defined within F.S. §413.08(2)(c) which states that a place of public accommodation includes a "place to which the general public is invited". Thus, the fast food restaurant is a place of public accommodation and is within the purview of F.S. §413.08, and the

Plaintiff's rights are protected, as delineated within F.S. §413.08(2) (a) – (e) and F.S. §413.08(4).

39. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant Milos Enterprises, Inc. including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of Defendant violated Florida Statues §§ 760.02(6), 413.08, and 509.092, in that Defendant failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b) An Order mandating that Defendant train its employees, including management staff, to comply with all appropriate laws;

c) An Order mandating that Defendant revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d) An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and their service animals, and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e) An Order that the Defendant install signage both inside and at the front door of the Defendant's fast food restaurant stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance of all Defendants representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's compliance with state laws;

f) Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

g) Award reasonable costs and attorneys fees; and

h) Award any and all other relief that may be necessary and appropriate.

Dated this 19th day of July, 2018.

                        Respectfully submitted,

                        *s/Scott Dinin*
                        Scott R. Dinin, Esq.
                        Scott R. Dinin, P.A.
                        4200 NW 7th Avenue
                        Miami, Florida 33127
                        Tel: (786) 431-1333
                        inbox@dininlaw.com
                        *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ALEXANDER JOHNSON,

    Plaintiff,

vs.

MILOS ENTERPRISES, INC.
d/b/a MCDONALDS,

    Defendant.

## VERIFICATION OF COMPLAINT

Plaintiff Alexander Johnson declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 7-18-18

_____
Alexander Johnson

**EXHIBIT "A"**